THE PEOPLE *ex. rel.* GEORGE LAMBERTON *v.* ORANGE FOOTE.

This Court will overlook matters of form in proceedings before justices of the peace, and regard them according to the merits.

Where an issue, formed upon a plea of not guilty to a declaration in replevin, was tried by a jury in a justice's court, who returned a verdict as follows: " *This jury find for the plaintiff*"—*Held*, that, although not a formal verdict in replevin, yet it sufficiently indicated for which party the jury had found the issue, and that it was the duty of the justice to enter the verdict in the proper form, according to the substantial finding, and to render judgment thereon.

The justice having refused to enter the verdict, and render judgment thereon, on the ground that it was insufficient, the Court granted a mandamus to compel him to do so.

The justice had no power to award a *venire de novo* after the rendition of such verdict.

ON the application of George Lamberton, the relator, a rule was granted during the present term of this Court, requiring the respondent, Orange Foote, a justice of the peace for the town of Avon, Oakland county, to show cause before this Court, why the mandate of the Court should not be issued, commanding him to enter the verdict rendered by the jury in a cause tried before him, December 19, 1842, wherein the relator was plaintiff, and Jacob and Marshall S. Hadley, were defendants, and to render judgment thereon.

For cause, the respondent returned the following facts : A writ of replevin was issued in the cause mentioned in the rule, returnable before the respondent, and was duly served and returned. The parties appeared on the return day of the writ, and the plaintiff declared in replevin for the unlawful detention of one cutting-table. The defendants pleaded not guilty, and gave notice that they would

prove on the trial, that the cutting-table was the property of the defendants, and not of the plaintiff, and that neither of them had detained the same from the plaintiff. The cause was subsequently tried, both parties being present with their witnesses, before a jury, who returned a verdict in writing, signed by each juror, as follows: " *This jury find for the plaintiff.*" The verdict was announced by the justice; the jurors were paid their fees, and they separated.

The defendants then objected to the rendition of any judgment upon the verdict, on the ground that it did not, *in form*, award that the right to the property was in the plaintiff, and that the defendant had wrongfully detained it, &c. The justice sustained the objection, and refused to enter judgment upon the verdict.

The plaintiff then moved that a *venire de novo* be awarded, which motion was granted by the justice, although opposed by the defendants, and the cause was continued to a future day named. No further proceedings were had in the case.

*Hunt & Watson*, for the relator.

*Geo. W. Wisner*, for the respondent.

RANSOM, J. delivered the opinion of the Court.

The question raised upon the facts returned is, whether the verdict found by the jury, was sufficient to lay the foundation for a judgment in favor of the plaintiff. Was the intention of the jury so manifested by it, as to enable the justice to ascertain with certainty for which party they had found the issue? If so, the verdict was sufficient, and the justice should have rendered judgment agreeably to its finding.

It is perfectly clear that the jury intended to determine the issue against the defendants, and, although their ver-

dict was informal, the justice ought to have entered it according to the substantial finding, and to have rendered judgment. We are to overlook matters of form, and to regard proceedings before justices of the peace according to the merits.

This view is fully sustained by *Felter* v. *Mulliner*, 2 John. R. 181, in which the plaintiff declared against the defendant for killing his horse; the defendant plead a former judgment in his favor before another justice, for the same cause of action; and the evidence of the former judgment was, that the jury returned "*no cause of action*," and that no judgment was rendered thereon. Upon *certiorari*, the Court held that the verdict in the former suit was substantially a verdict for the defendant; that the justice should have rendered judgment for the defendant accordingly, and that the plea was sustained by the evidence.

*Thompson* v. *Button*, 14 John. R. 86, was replevin; two issues were joined. The jury found generally that the defendant was *not guilty*. The Court, in deciding the cause upon writ of error, said—"The intention of the jury cannot be mistaken, and the omission to enter a verdict applicable to the particular issue, is mere matter of form."

*Hawks* v. *Crofton*, 2 Burr. R. 698, was for an assault and battery. Several pleas were pleaded besides not guilty. The jury found a verdict in these words: "Guilty of the trespass within written." Upon error brought, Lord *Mansfield* said: "The question is, whether this verdict is so uncertain that the Court cannot give judgment upon it, but must award a *venire facias de novo*. The principle is true and just, that where the intention of the jury is manifest and beyond doubt, the Court will *set right* matters of *form*, and the mere act of the clerk."

In Hob. R. 54, it is said, "the rule is just, that though the verdict may not conclude *formally*, or *punctually*, in

the words of the issue, yet, if the point in issue can be concluded out of the finding, the Court shall work and mould it into form, according to the real justice of the case."

Applying the principle of these decisions to this case, it is apparent that the plaintiff was justly entitled to a judgment upon the verdict of the jury.

The justice should have entered the verdict in form, following the issue made up by the pleadings, and awarding adequate damages for the detention of the property. All the proceedings had in the case, subsequently to the finding the verdict by the jury, were *coram non judice* and void. The awarding a *venire de novo* was, in effect, granting a new trial of the cause, which the justice possessed no power to do. After the cause was submitted to the jury, and they had found and returned a verdict, the powers of the justice were exhausted, except to award damages to the plaintiff for the detention of the property by the defendant, to enter judgment upon the verdict, and issue execution accordingly.

The mandamus must be granted.

*Mandamus granted.*